**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MOHAMMED ALI WABEEB ALWAIS,** **A# 208 809 393,** | § § § § | |
| **Petitioner,** | § § | |
| **v.** | § § § | **SA-26-CV-01382-JKP** |
| **PAM BONDI, U.S. Attorney General,** **ET AL.,** | § § § § | |
| **Respondents.** | § § | |

### ORDER OF DISMISSAL

Before the Court is *pro se* Petitioner Mohammed Ali Wabeeb Alwais's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and Respondents' Advisory to the Court. (ECF Nos. 1, 6). After review, the Court orders the § 2241 Petition **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF No. 1).

### BACKGROUND

Wabeeb Alwais was detained by immigration officials and placed in the South Texas ICE Processing Center. (ECF No. 1). While detained, Wabeeb Alwais filed a § 2241 Petition contesting the legality of his continued detention. (*Id.*). Respondents have filed an Advisory to the Court in which they state Wabeeb Alwais was "release[d] from custody, on an IJ bond order on on February 26, 2026." (ECF No. 6). Respondents contend Wabeeb Alwais's release renders the Petition moot. (*Id.*).

### ANALYSIS

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A case becomes moot, depriving the

Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). A party must continue to have a personal stake in the outcome of the lawsuit. *TransUnion LLC*, 594 U.S. at 423; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Shemwell v. City of McKinney, Tex.*, 63 F.4th 480, 483 (5th Cir. 2023).

In the Petition, Wabeeb Alwais seeks release from detention. (ECF No. 1). Respondents' Advisory states Wabeeb Alwais has been released from detention on bond. (ECF No. 6). Because Wabeeb Alwais has been released i.e., is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with a favorable judicial decision. *See TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. Accordingly, Wabeeb Alwais's claim for relief is moot and the Petition is subject to dismissal. *See Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (holding petitioners' habeas claims were properly dismissed as moot after they were released from detention); *see also Lewis*, 494 U.S. at 477; *Shemwell*, 63 F.4th at 483.

## CONCLUSION

Wabeeb Alwais has been released from detention. The Court can no longer provide Wabeeb Alwais the relief sought in the Petition, i.e., release from detention. Accordingly, the Court finds Wabeeb Alwais's § 2241 Petition is subject to dismissal without prejudice as moot.

**IT IS THEREFORE ORDERED** that Petitioner Mohammed Ali Wabeeb Alwais's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is so **ORDERED**.

SIGNED this 17th day of March, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

3